IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SATWINDER SINGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10 C 8288 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| U.S. CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES and KENNETH MADSEN, | ) | |
| DIRECTOR, USCIS CHICAGO | ) | |
| ASYLUM OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Satwinder Singh seeks judicial review of the decision of defendants U.S. Citizenship and Immigration Services ("USCIS") and USCIS Chicago Asylum Office Director Kenneth Madsen to terminate plaintiff's asylum status. Before the Court is defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**I.     Background**

Plaintiff is an Indian citizen. On March 5, 1996, USCIS's predecessor, the Immigration and Naturalization Service, granted plaintiff political asylum in the United States.

On November 4, 2009, defendants issued a Notice of Intent to Terminate ("NOIT") plaintiff's asylum. According to the complaint, the NOIT alleged:

> USCIS has received evidence that indicates there was fraud in your application for asylum at the time it was granted. Evidence has come to light indicating that you testified to events that did not occur while you lived in India and that testimony was the basis for your grant of asylum. Thus there are questions raised as to the veracity of the statements you made in regard to you [sic] claim for

> asylum, and these misrepresentations are material to your claim for asylum because they directly relate to whether you suffered past persecution and whether you are likely to suffer harm in the future. In order to give you the opportunity to respond to this adverse information, we have scheduled a termination interview at least thirty (30) days after the date of this notice to give you sufficient time to prepare for the interview.

On December 2, 2009, plaintiff's attorney sent a letter to defendants in which he asked to see the evidence on which the NOIT was based, and requested that the USCIS postpone the interview until he was allowed to inspect the evidence. Plaintiff's attorney also sent defendants an affidavit, in which plaintiff stated that he had provided truthful testimony in support of his asylum application, and that he did not know what evidence defendants were referencing in the NOIT. Defendants did not respond to plaintiff's attorney's request.

On December 8, 2009, an asylum officer interviewed plaintiff. According to the complaint, during the interview the asylum officer asked plaintiff why he may have previously given a statement that he was in the United States during periods in which his asylum application stated that he was in India. Plaintiff denied any knowledge of having provided such a statement to the USCIS. Plaintiff alleges that the asylum officer did not provide plaintiff or his attorney with a copy of the alleged statement or allow them to review it; nor did he provide them with an opportunity to submit evidence to rebut this information.

On July 22, 2010, defendants terminated plaintiff's asylum status on the basis that plaintiff had failed to establish that he was living in India at the time of his alleged persecution, and therefore that he had failed to establish that he was eligible for asylum at the time it was granted. The termination notice enclosed a notice to appear, which placed plaintiff in removal proceedings. The removal proceedings remain pending.

Plaintiff filed this action seeking review of defendants' decision to terminate his asylum

2

status. Plaintiff alleges in his complaint that defendants' actions violated the Administrative Procedure Act (Count I), his due process rights (Count II), and his First Amendment rights (Count III). Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6).

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Final Agency Action

Defendants first argue that this Court lacks subject matter jurisdiction to review their decision to terminate plaintiff's asylum status because that decision was not a final action. Accordingly, they argue, the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Court has subject matter jurisdiction under the Administrative Procedure Act ("APA") to review only "final agency action." *See* 5 U.S.C. § 704. An agency action is "final" if it is: (1) "the 'consummation' of the agency's decisionmaking process," that is, "not . . . of a merely tentative or interlocutory nature," and (2) is an action "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *W. Ill. Home Health Care, Inc. v. Herman*, 150 F.3d 659, 662 (7th Cir. 1998) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). Courts follow "a pragmatic, practical test for the finality of administrative decisions." *Id.* As the party asserting jurisdiction, plaintiff bears the burden of proof on this issue. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Defendants argue that their decision to terminate plaintiff's asylum status was not a final action, but rather was only the first step in plaintiff's removal proceedings, which remain

3

ongoing. Defendants note that the commencement of removal proceedings is mandatory when an alien's asylum status is terminated. *See* 8 U.S.C. § 1158(c)(3). Defendants agree that plaintiff can renew his asylum claim in the removal proceedings.[1] *See Qureshi v. Holder*, No. 10-1861, 2010 WL 5141877, at *2 (E.D. La. Dec. 10, 2010) ("In removal proceedings, an alien may reapply for asylum under 8 U.S.C. § 1158(a)(1)."). In the removal proceeding, plaintiff is entitled to a full evidentiary hearing, including "a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government." *See* 8 U.S.C. § 1229a(b)(4). If plaintiff is ordered removed, he may appeal the decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.1(b). Plaintiff may then file a petition for review in the Court of Appeals of an adverse decision by the BIA. 8 U.S.C. §§ 1252(a)(5) & (b)(9). Thus, according to defendants, their decision was not the consummation of the decisionmaking process, but only the beginning.

In addition, defendants argue that their termination decision did not permanently determine plaintiff's rights or obligations. First, they observe that plaintiff's asylum status ultimately may be restored in the removal proceedings. In addition, defendants contend that any other effects of their termination decision are inconsequential because they are temporary. For example, defendants acknowledge that plaintiff lost his work authorization as a result of the termination of his asylum status, but argue that this loss does not constitute a permanent determination of his rights because plaintiff may reapply for work authorization after his new asylum claim has been pending in the removal proceedings for 180 days. *See* 8 U.S.C. §

---

[1] Although the Department of Homeland Security initially opposed plaintiff's attempt to renew his asylum claim in the removal proceeding, it has since withdrawn its opposition.

1158(d)(2); 8 C.F.R. § 208.7(a)(1).

Plaintiff responds that the termination decision is a final action because the termination proceeding, conducted by the USCIS (an agency under the Department of Homeland Security), was separate from the removal proceeding, which is conducted by a branch of the Department of Justice in the immigration court. Plaintiff acknowledges that he can file a new application for asylum in the removal proceeding, but notes that such an application is not an appeal of the termination decision, and requires him to prove anew that he is entitled to asylum. Plaintiff argues that it will be more difficult for him to establish now that he is still at risk of persecution than it would be to challenge defendants' decision to terminate his asylum. Plaintiff also argues that the termination of his asylum status had immediate legal consequences for him: he states that he became ineligible for work authorization for at least 180 days, and that he is not permitted to travel outside the United States.

In support of their argument that their termination decision was not a final action, defendants cite district court cases from the Eastern District of Louisiana and the Northern District of California. *See Qureshi v. Holder*, No. 10-1861, 2010 WL 5141877 (E.D. La. Dec. 10, 2010); *Gill v. Bardini*, No. C-08-05190, 2010 WL 761307 (N.D. Cal. Mar. 3, 2010). In *Qureshi*, for example, the plaintiff and his family's application for asylum was granted in 2000 and subsequently terminated in 2009, based on a finding that the plaintiff had participated in the persecution of another person on account of that person's nationality and political opinion. *Qureshi*, 2010 WL 5141877, at *1. Although removal proceedings were ongoing, the plaintiff sought judicial review of the termination decision in the district court. *Id.* The court rejected the plaintiff's argument that the termination and removal proceedings were separate and independent

proceedings, and noted that the plaintiff could reassert his asylum application in the removal proceeding. *Id.* at *5. The court also rejected the plaintiff's argument that the decision was final because the plaintiff lost his employment authorization as a result of the termination of his asylum status, on the basis that the plaintiff could reapply for employment authorization while his new asylum application was pending. *Id.* at *7. The court concluded that the termination decision was not a final action, and dismissed the plaintiff's claims for lack of subject matter jurisdiction. *Id.*

As defendants recognize, at least one other district court case takes the opposite view. *See Sidhu v. Bardini*, No. C 08-05350, 2009 WL 1626381 (N.D. Cal. June 10, 2009). On similar facts as those presented here, the *Sidhu* court concluded that the USCIS's termination decision was a final action because: (1) the plaintiff had no right to appeal that decision; (2) the plaintiff would bear the burden of proving her new asylum claim in the removal proceedings, while the defendants had borne the burden of proving they had a valid reason to terminate the asylum status in the original proceeding; and (3) the termination of the plaintiff's asylum had a direct and immediate effect on the plaintiff's day-to-day life, including the loss of the plaintiff's legal right to live and work in the United States, and to travel in and out of the United States. *Id*. at *4-5.

Like the *Sidhu* court, this Court concludes that defendants' decision to terminate plaintiff's asylum status was the consummation of their decisionmaking process. As defendants acknowledge, the immigration court does not have authority to review defendants' termination decision in the removal proceedings. *See Bhargava v. Attorney General of the U.S.*, 611 F.3d 168, 170-71 (3rd Cir. 2010) (denying an alien's petition to review the conclusion of the

6

immigration court and the BIA that they lacked jurisdiction to review a Department of Homeland Security asylum officer's decision to terminate the alien's asylum status). Although plaintiff can file a new asylum claim in the removal proceedings and receive a full hearing on that claim, he bears a different burden of proving that claim. In the removal proceeding, plaintiff will have to establish that he is presently at risk of persecution, *see* 8 U.S.C. § 1158(b)(1)(B), a difficult task given that the persecution he alleges he experienced occurred in the early 1990s and that fifteen years have passed since he was originally granted asylum.[2] By contrast, in the termination proceeding, defendants bore the burden of establishing a valid reason for terminating plaintiff's asylum status. *See Sidhu*, 2009 WL 1626381, at *4. The Court concludes that the termination proceeding and the removal proceeding were separate, and that defendants' termination decision was the consummation of their decisionmaking process.

The Court also finds that plaintiff experienced immediate and real legal consequences as a result of defendants' termination decision. Defendants do not dispute that plaintiff is no longer authorized to work. While plaintiff may be able to reapply for work authorization in the future, the Court disagrees that an inability to work for 180 days is inconsequential. In addition, plaintiff is not permitted to travel abroad, while an alien with asylum status may travel abroad with the consent of the Attorney General. *See* 8 U.S.C. § 1158(c)(1)(C). The Court concludes that defendants' termination decision was a final action.

**B.      Ripeness**

---

[2] Defendants argued that plaintiff is solely to blame for any staleness of his persecution claims because he did not apply for permanent residence status. However, they now concede that plaintiff did in fact apply for an adjustment of status in 1999, a decade before defendants moved to terminate his asylum status.

Defendants next argue that even if their termination decision was a final action, it is not ripe for review. Ripeness is:

> a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). To determine whether defendants' termination decision is ripe for review, the Court considers: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *See id.* The Court finds that the issues raised in Counts I and II of plaintiff's complaint are presently fit for judicial decision. In addition, for the reasons discussed above, the Court finds that the termination decision has caused plaintiff hardship. Therefore, the Court concludes that defendants' decision is ripe for review.

### C. Jurisdiction to Review Decisions Made in the Removal Proceeding

Next, defendants argue that this Court does not have jurisdiction to review decisions made in the removal proceedings. Defendants are correct. *See* 8 U.S.C. § 1252(b)(9) & (g). However, plaintiff does not seek review of decisions made in the removal proceedings. Rather, plaintiff only seeks review of defendants' termination decision. The motion to dismiss the case on this basis is denied.

### D. First Amendment Claim

Finally, defendants argue that the Court lacks subject matter jurisdiction over plaintiff's First Amendment claim. In that claim, plaintiff asserts that defendants' termination decision

8

"threaten[s] to separate [plaintiff] from his four year old U.S. citizen son," and therefore violates plaintiff's First Amendment right to associate with his son.  Defendants argue that because plaintiff's separation from his son is not actual or imminent, the claim does not present a case or controversy.

Article III of the Constitution limits federal courts to adjudicating actual cases and controversies.  U.S. Const. art. III, § 2; *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010).  In order to present a justiciable case or controversy, a plaintiff must allege: "(1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp.*, 630 F.3d at 516.  Specifically, the asserted injury must be: (1) concrete and particularized, and (2) "actual or imminent, not conjectural or hypothetical." *Id.*

The Court agrees with defendants that the possibility that plaintiff may be separated from his son in the future is not sufficiently imminent to present a case or controversy in this action. In any event, the threatened injury, if it occurs, would be traceable to a removal order issued by the immigration court, and plaintiff is not challenging the removal proceedings in this action. Defendants' motion to dismiss plaintiff's First Amendment claim in Count III is granted.

### III.    Motion to Dismiss for Failure to State a Claim

In the alternative, defendants move to dismiss this action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering defendants' Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws reasonable inferences in plaintiff's favor.  *See Tamayo v. Blagojevich*, 526 F.3d 1074,

1081 (7th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In Count I, plaintiff claims that defendants violated the APA by failing to comply with the procedures prescribed by 8 C.F.R. § 208.24(c), 8 C.F.R. § 292.5(b), 8 C.F.R. § 103.2(b)(16), and 8 U.S.C. § 1229a(c)(2)(B). Defendants broadly argue that Count I should be dismissed for failure to state a claim because "none of the provisions that [plaintiff] cites apply to the asylum termination context." Defs.' Br. pp. 11-12. However, defendants only offer specific arguments regarding 8 C.F.R. § 292.5(b), 8 C.F.R. § 103.2(b)(16), and 8 U.S.C. § 1229a(c)(2)(B), and they do not appear to dispute that 8 C.F.R. § 208.24(c) does govern termination proceedings.

8 C.F.R. § 208.24(c) provides, in pertinent part:

> Prior to the termination of a grant of asylum or withholding of deportation or removal, the alien shall be given notice of intent to terminate, with the reasons therefor, at least 30 days prior to the interview specified in paragraph (a) of this section before an asylum officer. The alien shall be provided the opportunity to present evidence showing that he or she is still eligible for asylum or withholding of deportation or removal.

8 C.F.R. § 208.24(c). The complaint alleges that defendants violated 8 C.F.R. § 208.24(c) by failing to supply the reasons for their intent to terminate plaintiff's asylum status in the NOIT, by failing to provide plaintiff with a meaningful opportunity to present evidence showing that he is still eligible for asylum, and by failing to provide plaintiff with at least thirty days in which to prepare a response to the allegations against him. The Court finds that these allegations are sufficient to state a claim. Defendants' motion to dismiss Count I is denied.

Defendants next argue that plaintiff fails to state a claim for violation of due process in

10

Count II. To state a claim for violation of procedural due process, plaintiff must allege that he had a protected liberty or property interest, that he was deprived of that interest, and that the deprivation occurred without sufficient procedural protections. *See Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). The following factors are relevant to determining what process is due:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Defendants do not dispute that as an asylee, plaintiff had two legitimate claims of entitlement: the right not to be removed from the United States, and the right to work authorization. *See* 8 U.S.C. § 1158(c)(1)(A) & (B). However, they contend that these interests are weak because plaintiff could regain his asylum status in the removal proceedings, and because he may eventually reapply for work authorization. Accordingly, defendants argue, the process plaintiff received in the termination proceedings was constitutionally adequate.

In Count II of his complaint, plaintiff alleges that defendants violated his due process rights by failing to give him specific reasons for their intent to terminate his asylum status. Plaintiff also alleges that he did not have a meaningful opportunity to present evidence in his defense because defendants did not identify the allegations against him or provide access to the evidence against him. The Court finds that these allegations are sufficient to withstand a motion to dismiss.

**ORDERED:** Defendants' motion to dismiss [10] is granted in part and denied in part.

The motion is granted as to Count III, and denied as to Counts I and II.

ENTER:

_____
George W. Lindberg
Senior U.S. District Judge

DATED:     April 19, 2011